# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

          **v.**                  **Criminal No.** 18-605 (FAB)

IGNACIO RIVERA-HERNÁNDEZ [1],

    **Defendant**.


## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Ignacio Rivera-Hernández (Rivera")'s motion to join the cases in Criminal Nos. 18-598, 18-601, 18-603, 18-604, 18-606, 18-607, and 18-612 to the trial scheduled in this case. (Docket No. 119.).[1] For the reasons set forth below, Rivera's motion, id., is **DENIED**.

## I. Background

### A. This Case

In this case, Rivera and Sergio Quiñónez-Ocasio ("Quiñónez") were charged with three crimes. (Docket No. 3.) The first count charged conspiracy to possess with intent to distribute controlled substances—five kilograms or more of a substance with

---

[1] All docket references in this opinion are to Criminal No. 18-605 unless otherwise stated.

cocaine and one hundred kilograms or more of a substance with marihuana—in violation of 21 U.S.C. § 846.  Id. at pp. 1-2.  The other two counts charged possession with intent to distribute five kilograms or more of a substance with cocaine and one hundred kilograms or more of a substance with marihuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Id. at pp. 2-3.  All three charges stated that the criminal activity began around 2012 and continued until the return of the indictment in 2018.  Id. at pp. 1-2.

Quiñónez pled guilty to the conspiracy count.  (Docket Nos. 72 and 73.)  The other counts against him were dismissed, his sentence was imposed, and judgment was entered.  (Docket Nos. 91 and 92.)

This Court noted that it would consent to consolidation of all cases regarding Rivera for purposes of plea and sentencing. (Docket No. 75.)  Although some of the cases were transferred to this Court's docket, see Criminal No. 18-598, Docket Nos. 33-34; Criminal No. 18-601, Docket Nos. 32-33; Criminal No. 18-604, Docket Nos. 32-33; Criminal No. 18-606, Docket Nos. 40-41, Rivera did not move to change his plea in any of those cases.[2]  The Court has returned those cases to the docket of the judge before whom

---

[2] Nor has he changed his plea in any of the other cases in which he is charged, Criminal Nos. 18-597, 18-603, 18-607, 18-608 and 18-612.  Rivera has been charged in eleven separate cases.

the cases were originally filed.  See Criminal No. 18-598, Docket
Nos. 39-40;  Criminal  No. 18-601,  Docket  Nos. 41-42;  Criminal
No. 18-604,  Docket  Nos. 41,  43;  Criminal  No. 18-606,  Docket
Nos. 58-59.

**B.    Criminal No. 18-598**

In  Criminal  No. 18-598,  Rivera  and  Noel  García-Marín
("García") were charged with three crimes.  (Criminal No. 18-598,
Docket No. 3.)  The first count charged conspiracy to possess with
intent to distribute controlled substances—five kilograms or more
of a substance with cocaine and one hundred kilograms or more of
a substance with marihuana—in violation of 21 U.S.C. § 846.  Id.
at pp. 1-2.  The other two counts charged possession with intent
to distribute five kilograms or more of a substance with cocaine
and one hundred kilograms or more of a substance with marihuana in
violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Id. at pp. 2-3.
All three charges stated that the criminal activity began around
2012 and continued until the return of the indictment in 2018.
Id. at pp. 1-2.

The charges against Rivera and García are still pending
in Criminal No. 18-598.  See Criminal No. 18-598, Docket Nos. 38-
40.  Plea negotiations pertaining to García are ongoing.  See
Criminal No. 18-598, Docket No. 38.

### C.  Criminal No. 18-601

In Criminal No. 18-601, Rivera and John Leonardo-Jiménez ("Leonardo") were charged with two crimes. (Criminal No. 18-601, Docket No. 3.) The first count charged conspiracy to possess with intent to distribute a controlled substance—forty kilograms or more of a substance with marihuana—in violation of 21 U.S.C. § 846. Id. at pp. 1–2. The other count charged possession with intent to distribute forty kilograms or more of a substance with marihuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Id. at p. 2. Both charges stated that the criminal activity began around 2012 and continued until the return of the indictment in 2018. Id. at pp. 1–2.

The charges against Rivera and Leonardo are still pending in Criminal No. 18-601. See Criminal No. 18-601, Docket Nos. 40–42. Plea negotiations pertaining to Leonardo are ongoing. See Criminal No. 18-601, Docket No. 40.

### D.  Criminal No. 18-603

In Criminal No. 18-603, Rivera and Ronaldo José Sierra-Velázquez ("Sierra") were charged with three crimes. (Criminal No. 18-603, Docket No. 3.) The first count charged conspiracy to possess with intent to distribute controlled substances—five kilograms or more of a substance with cocaine and one hundred kilograms or more of a substance with marihuana—in violation of

21 U.S.C. § 846.  Id. at pp. 1-2.  The other two counts charged

possession with intent to distribute five kilograms or more of a

substance with cocaine and one hundred kilograms or more of a

substance with marihuana in violation of 21 U.S.C. § 841 and

18 U.S.C. § 2.  Id. at pp. 2-3.  All three charges stated that the

criminal activity began around 2012 and continued until 2016.  Id.

at pp. 1-2.

The charges against Rivera and Sierra are still pending

in Criminal No. 18-603.  See Criminal No. 18-603, Docket No. 46.

Plea negotiations pertaining to Sierra are ongoing.  Id.  Rivera

rejected a plea offer.  Id.

**E.   Criminal No. 18-604**

In Criminal No. 18-604, Rivera and Ronnie Medina-García

("Medina") were charged with two crimes.  (Criminal No. 18-604,

Docket No. 3.)  The first count charged conspiracy to possess with

intent to distribute a controlled substance—forty kilograms or

more of a substance with marihuana—in violation of 21 U.S.C. § 846.

Id. at pp. 1-2.  The other count charged possession with intent to

distribute one hundred kilograms or more of a substance with

marihuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Id.

at p. 2.  Both charges stated that the criminal activity began

around 2012 and continued until the return of the indictment in

2018.  Id. at pp. 1-2.

The charges against Rivera and Medina are still pending in Criminal No. 18-604.  See Criminal No. 18-604, Docket Nos. 41-43.  Plea negotiations pertaining to Medina are ongoing.  See Criminal No. 18-604, Docket No. 42.

**F.  Criminal No. 18-606**

In Criminal No. 18-606, Rivera and Raymond Rodríguez-Pabón ("Rodríguez") were charged with three crimes.  (Criminal No. 18-606, Docket No. 3.)  The first count charged conspiracy to possess with intent to distribute controlled substances—five kilograms or more of a substance with cocaine and one hundred kilograms or more of a substance with marihuana—in violation of 21 U.S.C. § 846.  Id. at pp. 1-2.  The other two counts charged possession with intent to distribute five kilograms or more of a substance with cocaine and one hundred kilograms or more of a substance with marihuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Id. at pp. 2-3.  All three charges stated that the criminal activity began around 2012 and continued until the return of the indictment in 2018.  Id. at pp. 1-2.

The charges against Rivera are still pending.  See Criminal No. 18-606, Docket Nos. 58-59.

Rodríguez pled guilty to one count.  (Criminal No. 18-606, Docket Nos. 35, 37, 38, 42.)  The other counts against him

were dismissed, his sentence was imposed, and judgment was entered. (Criminal No. 18-606, Docket Nos. 53, 54.)

### G.   Criminal No. 18-607

In Criminal No. 18-607, Rivera and Julio Cesar González-Andino ("González") were charged with two crimes. (Criminal No. 18-607, Docket No. 3.) The first count charged conspiracy to possess with intent to distribute a controlled substance—five kilograms or more of a substance with cocaine—in violation of 21 U.S.C. § 846. Id. at pp. 1–2. The other count charged possession with intent to distribute five kilograms or more of a substance with cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Id. at p. 2. Both charges stated that the criminal activity began around 2012 and continued until the return of the indictment in 2018. Id. at pp. 1–2.

The charges against Rivera are still pending. See Criminal No. 18-607, Docket No. 39.

González pled guilty to one count. (Criminal No. 18-607, Docket Nos. 50 and 52.) The other count against him was dismissed, his sentence was imposed, and judgment was entered. (Criminal No. 18-607, Docket Nos. 63, 64.) González filed a notice of appeal. (Criminal No. 18-607, Docket No. 66.)

    **H.  Criminal No. 18-612**

    In Criminal No. 18-612, Rivera and José M. Santiago-
Robles ("Santiago") were charged with three crimes. (Criminal
No. 18-612, Docket No. 3.)  The first count charged conspiracy to
possess with intent to distribute controlled substances—five
kilograms or more of a substance with cocaine and forty kilograms
or more of a substance with marihuana—in violation of 21 U.S.C.
§ 846.  Id. at pp. 1–2.  The other two counts charged possession
with intent to distribute five kilograms or more of a substance
with cocaine and forty kilograms or more of a substance with
marihuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Id.
at pp. 2–3.  All three charges stated that the criminal activity
began around 2012 and continued until the return of the indictment
in 2018.  Id. at pp. 1–3.

    The charges against Rivera and Santiago are still
pending in Criminal No. 18-612.  See Criminal No. 18-612, Docket
Nos. 31, 32.  Plea negotiations pertaining to Sierra are ongoing.
See id.  Rivera rejected a plea offer.  (Criminal No. 18-612,
Docket No. 32.)

    **I.  Other cases involving Rivera for which he does not seek
        consolidation**

    Rivera was charged in three other pending cases.  In
Criminal No. 18-597, Rivera was charged alongside thirty-eight

other co-defendants. (Criminal No. 18-597, Docket No. 3.) Seven counts were alleged. Id. Rivera is named as a defendant in every count. Id. The charges included: conspiracy to possess with intent to distribute controlled substances—heroin, cocaine, and marihuana—in violation of 21 U.S.C. § 846; three counts for aiding and abetting in the possession with intent to distribute heroin, cocaine, and marihuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924; conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956; and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922. Id. Judgment has been entered against some of the codefendants in the case, see, e.g., Criminal No. 18-597, Docket No. 979, while charges against Rivera and some other codefendants remain pending, see Criminal No. 18-597, Docket Nos. 945, 974.

In Criminal No. 18-599, Rivera was charged alongside twelve other codefendants. (Criminal No. 18-599, Docket No. 3.) Six counts were alleged. Id. Rivera is named as a defendant in every count. Id. The charges included: conspiracy to possess with intent to distribute controlled substances—cocaine, cocaine base (crack), and marihuana—in violation of 21 U.S.C. § 846; three counts for possession with intent to distribute cocaine, cocaine base (crack), and marihuana in violation of 21 U.S.C. § 841 and

18 U.S.C. § 2; possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 and 18 U.S.C. § 2; and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922. Id. Judgment has been entered against some of the codefendants in the case, see, e.g., Criminal No. 18-599, Docket No. 157, while charges against Rivera and other codefendants remain pending, see Criminal No. 18-599, Docket No. 248.

In Criminal No. 18-608, Rivera was charged alongside four other codefendants. (Criminal No. 18-608, Docket No. 3.) Two counts were alleged. Id. Rivera is named as a defendant in both counts. Id. The charges included: conspiracy to possess with intent to distribute controlled substances—cocaine—in violation of 21 U.S.C. § 846; and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Id. One codefendant has pled guilty, see Criminal No. 18-608, Docket Nos. 93, 114, while charges against Rivera and other codefendants remain pending, see Criminal No. 18-608, Docket No. 114.

## J. Synthesis

The above discussion pertaining to the cases for which Rivera seeks consolidation is summarized in the following table:

| Crim. No. | Rivera's Codefendant | Charges Against Rivera and Codefendant | Charges Timeframe | Judgment Against Codefendant? |
|---|---|---|---|---|
| 18-605 (this case) | Quiñónez | 1. Conspiracy to possess and distribute cocaine and marihuana<br>2. Possess and distribute cocaine<br>3. Possess and distribute marihuana | 2012 to indictment | Yes |
| 18-598 | García | 1. Conspiracy to possess and distribute cocaine and marihuana<br>2. Possess and distribute cocaine<br>3. Possess and distribute marihuana | 2012 to indictment | No |
| 18-601 | Leonardo | 1. Conspiracy to possess and distribute marihuana<br>2. Possess and distribute marihuana | 2012 to indictment | No |
| 18-603 | Sierra | 1. Conspiracy to possess and distribute cocaine and marihuana<br>2. Possess and distribute cocaine<br>3. Possess and distribute marihuana | 2012 to 2016 | No |
| 18-604 | Medina | 1. Conspiracy to possess and distribute marihuana<br>2. Possess and distribute marihuana | 2012 to indictment | No |
| 18-606 | Rodríguez | 1. Conspiracy to possess and distribute cocaine and marihuana<br>2. Possess and distribute cocaine<br>3. Possess and distribute marihuana | 2012 to indictment | Yes |
| 18-607 | González | 1. Conspiracy to possess and distribute cocaine<br>2. Possess and distribute cocaine | 2012 to indictment | Yes |
| 18-612 | Santiago | 1. Conspiracy to possess and distribute cocaine and marihuana<br>2. Possess and distribute cocaine<br>3. Possess and distribute marihuana | 2012 to indictment | No |

Among the eight cases for which Rivera seeks consolidation, there is a substantial overlap in the alleged statutory violations and controlled substances involved. All cases involve marihuana or cocaine, and five involve both. All cases include a charge of conspiracy to possess with intent to distribute controlled substances paired with one or two charges to possess with intent to distribute the controlled substances.

There is also near identity in the timeline of the cases. The indictments in seven cases state that the criminal activity began around 2012 and ended with the return of the indictment in

2018.  The indictment in the other case, 18-603, states that the activity began in 2012 and ended in 2016.

Judgment has been entered against Rivera's codefendant in three of the cases, this case, 18-606 and 18-607.  Charges against the codefendant are pending in the other five cases, 18-598, 18-601, 18-603, 18-604 and 18-612.

## II.  Parties' Positions

### A.  Defendant

Rivera's motion "request[s] that the Court order the joinder of the cases [in Criminal Nos. 18-598, 18-601, 18-603, 18-604, 18-605 [this case], 18-606, 18-607, and 18-612] for trial and sentencing."  (Docket No. 119 at p. 3.)  It seems that Rivera is seeking consolidation pursuant to Federal Rule of Criminal Procedure 13, even though it's expressly a motion for joinder of offenses by a defendant pursuant to Federal Rule of Criminal Procedure 8(a).  Id. at p. 1.

Rivera acknowledges that in some cases for which he seeks consolidation his co-defendants have not pled guilty or been sentenced.  Id. at p. 2.  Rivera does not explain why Rule 8(a) should apply to those cases instead of Rule 8(b), joinder of defendants.

Rivera offers a few reasons in favor of consolidation. He observes that the government plans to introduce in this case

some evidence from the other seven cases pursuant to Federal Rule of Evidence 404(b).  Id. at p. 1.  He notes that, in the cases for which he seeks consolidation, he is charged with identical statutory violations during the same span of time with another, different codefendant.  Id. at p. 2.  He points out that all cases stem from a single investigation.  Id.  He asserts by information and belief that all indictments were presented to a single grand jury and returned on the same date.  Id. at pp. 2-3.  And the discovery in all the cases, Rivera says, constitutes the same set of recorded telephone calls along with the pertinent calls to specific transactions.  Id. at p. 3.  Further, according to Rivera, the government has claimed that Rivera used the same *modus operandi* in all the cases.  Id.

Rivera also, perplexingly, states in his consolidation motion that "[o]ffenses of continuing duration like the ones in the cases filed against defendant can not [*sic*] be arbitrarily divided into separate and distinct offenses by disposition of prosecution and grand jury to divide it into separate crimes.  Id. at p. 3 (citing Mitchell v. United States, 142 F.2d 480 (10th Cir.

1944)).  Rivera does not explain why that doctrine is applicable

to his consolidation motion.[3]

## B.  Government

The government opposes Rivera's motion.  (Docket No. 125

at pp. 2, 4-5.)  According to the government, Rivera is charged as

the principal defendant in separate indictments with different co-

conspirators.  Id. at p. 4.  The government's theory is "that

defendant acted as a single actor in multiple instances or

violations beginning in 2012.  These violations[,] although of

same or similar criminal statutes[,] happened with different co-

conspirators and in different instances and independent of one

another."  Id. at pp. 4-5.  The government also contends that even

if the charges could be properly joined, severance would be

appropriate "to avoid confusion and unfair prejudice to defendant

that [is] likely to result from such joinder."  Id. at p. 4 (citing

United States v. Buchanan, 930 F. Supp. 657 (D. Mass. 1996)).  The

---

[3] The doctrine discussed in Mitchell, 142 F.2d at 481, applies to how prosecutors and the grand jury charge crimes, not whether a court should consolidate charges for trial.  See generally Blockburger v. United States, 284 U.S. 299, 301-03 (1932) (discussing the difference between a single continuing offense and divisible offenses); Jeffrey M. Chemerinsky, Note, Counting Offenses, 58 Duke L.J. 709, 709-11 (2009) (same).  Since Rivera offers no argumentation relevant to whether his offenses should be considered a single continuing offense or divisible offenses, it is not even clear whether he intends to raise the issue and the Court does not consider it.  Rodríguez v. Mun. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011).  In any event, the argument is waived.  Id.; United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

government does not argue that it would be prejudiced by consolidation.  See id.

## III. Applicable Law

"The Federal Rules of Criminal Procedure liberally encourage the joining of parties and charges in a single trial." Ashe v. Swenson, 397 U.S. 436, 454–55 (1970) (Brennan, J., concurring). Joinder of offenses or defendants involves a presumptive possibility of prejudice to the defendant and of benefit to the court, to the government, and to the public.  King v. United States, 355 F.2d 700, 703 (1st Cir. 1966). "[C]onsolidated trials tend to promote judicial economy, conserve prosecutorial resources, and foster the consistent resolution of factual disputes common to properly joined defendants." United States v. Josleyn, 99 F.3d 1182, 1188 (1st Cir. 1996).

Trial courts have discretion on whether to order consolidation of offenses and defendants into a single trial. United States v. Trainor, 477 F.3d 24, 36 n.22 (1st Cir. 2007); United States v. Cressey, Crim. Nos. 97-1624, 97-1806, 1998 WL 153152, at *1 (1st Cir. Mar. 31, 1998) (per curiam).

Rule 13 governs consolidation of offenses and defendants for purposes of trial.  Fed. R. Crim. P. 13.  Pursuant to the rule, "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all

offenses and all defendants could have been joined in a single indictment or information." Id. Thus, trial courts' discretion to consolidate is tempered by the limitation that joinder in a single indictment could have been proper. See id.; see also Daley v. United States, 231 F.2d 123, 125 (1st Cir. 1956) (explaining that Rule 13 requires a reference to the joinder requirements of Rule 8).

Rule 8 deals with joinder. Fed. R. Crim. P. 8. "[I]n the ordinary case, a rational basis for joinder of multiple counts should be discernible from the face of the indictment." United States v. Azor, 881 F.3d 1, 10 (1st Cir. 2017) (quoting United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991)).

Rule 8 contains two subsections. Rule 8(a) applies to the joinder of two or more alleged offenses by a single defendant. Fed. R. Crim. P. 8(a). According to the rule,

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Id. Rule 8(b) applies to joinder where there are two or more defendants. Id. R. 8(b). This rule states,

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Id.

As is evident in the language of the rules, the circumstances permitting joinder of multiple offenses by a single defendant are different from the circumstances in which two defendants may be joined. For starters, Rule 8(a) provides for joinder where "offenses charged . . . are of the same or similar character." Id. R. 8(a). Rule 8(b) does not contain that language. See id. R. 8(b). Thus, "though defendant *X* could be jointly charged with crimes *A* and *B* because they are of the same or similar character, defendant *X* and *Y* may not together be jointly charged with crimes *A* and *B*." 5 Wayne R. LaFave et al., Criminal Procedure § 17.2(a), at 20 (4th ed. 2015) [hereinafter LaFave]; see King, 355 F.2d at 703–05 (explaining that mere similarity of acts among defendants is insufficient for joinder pursuant to Rule 8(b)).

The "same or similar character" provision for joinder in Rule 8(a) allows for joinder in a variety of cases. "[S]imilar does not mean identical." United States v. Sabean, 885 F.3d 27, 42 (1st Cir. 2018) (internal quotation marks omitted). To determine whether counts are properly joined, courts should "take

into account factors such as whether the charges are laid under

the same statute, whether they involve similar victims, locations,

or modes of operation, and the time frame in which the charged

conduct occurred." Id. (internal quotation marks omitted). As

LaFave explains,

> it is permissible to join together several instances of
> the same crime, such as bank robbery, though they were
> committed by the defendant at distinct times and places
> and not as part of a single scheme. But "the mere fact
> that the crimes carry different labels is not
> determinative" of the joinder issue, as if they have "a
> general likeness" they are still of "similar character."
> This means, for example, that a charge of sale of cocaine
> may be joined with a charge of possession of other
> narcotics . . . .

LaFave, § 17.1(b), at 8 (footnotes omitted). For instance, one

court held, "[t]he differences between conspiracy to possess and

actual possession are insufficient to deny joinder." United States

v. Kinsella, 530 F. Supp. 2d 356, 359 (D. Me. 2008).

Joining offenses of the "same or similar character" has policy

advantages. It promotes "trial convenience and economy of judicial

and prosecutorial resources." LaFave, § 17.1(b), at 9 (internal

quotation marks omitted). A defendant may prefer such joinder to

avoid the harassment and delay of multiple prosecutions or to

encourage concurrent sentences. Id.

The joinder of offenses of the "same or similar character,"

however, is not universally accepted. Where unrelated offenses

involve distinct sets of proof, "separate trials would not involve
substantial duplication of evidence, repeated burdens on witnesses
and victims, and increased drain upon prosecutorial and judicial
resources." Id. (internal quotation marks omitted). In one case,
the First Circuit Court of Appeals upheld a district court's
refusal to consolidate charges where joinder "would have increased
the complexity of this already complex trial." United States v.
Doherty, 867 F.2d 47, 70 (1st Cir. 1989). A defendant could also
be prejudiced by a conviction based on the accumulated effect of
the evidence or by a desire to assert inconsistent defenses.
LaFave, § 17.1(b), at 9.

Joinder of multiple defendants pursuant to Rule 8(b) "is
warranted . . . 'as long as there is some common activity binding
the objecting defendant with all the other indictees and that
common activity encompasses all the charged offenses.'" Azor, 881
F.3d at 10 (quoting Natanel, 938 F.2d at 307). "In order for
joinder to be proper, there must be some common 'mucilage' or
activity between an objecting defendant and the other indictees,
such as participation in a common drug distribution scheme." Id.
at 11 (quoting Natanel, 938 F.2d at 307).

A conspiracy allegation can be a sufficient linkage on which
to base the joinder of multiple defendants. The First Circuit
Court of Appeals "has repeatedly held that 'a conspiracy count can

be a sufficient connecting link between . . . multiple offenses

that tips the balance in favor of joinder." United States v.

Rehal, 940 F.2d 1, 3 (1st Cir. 1991) (alteration in original)

(quoting United States v. Arruda, 715 F.2d 671, 678 (1st Cir.

1983)). LaFave explains,

> One fairly common situation which falls within the
> federal joinder-of-defendants provision is that in which
> the several defendants are connected by virtue of a
> charged conspiratorial relationship. Thus, where the
> joined defendants are all charged in the conspiracy
> count and they or some of them are also charged with
> various substantive offenses alleged to have been
> committed in furtherance of the conspiracy, joinder is
> proper. . . . But it would not be proper also to join
> offenses alleged to have been committed outside the
> conspiracy period or by defendants not parties to the
> conspiracy.

LaFave, § 17.2(a), at 21.

Joinder based on a conspiracy allegation must satisfy certain

requirements. "[T]wo requirements must be met: 1) the charges

must have been joined in good faith and, 2) the joinder must have

a firm basis in fact, considering the face of the indictment and

the evidence adduced at trial." Rehal, 940 F.2d at 3.

> Normally, the government may join multiple
> defendants in a single indictment provided that at least
> one count alleges a conspiracy or a continuing criminal
> enterprise . . . and the indictment separately alleges
> that the appellant committed a substantive offense . . .
> during the course and in furtherance of the "umbrella"
> conspiracy or [continuing criminal enterprise].

United States v. DeLuca, 137 F.3d 24, 36 (1st Cir. 1998).  A
defendant who committed a substantive offense in furtherance of
the conspiracy may be joined to other defendants through a
conspiracy charge even if the government alleges neither that the
defendant was part of the conspiracy nor that he knew of others'
actions in the conspiracy.  See id.

Applying those standards, the First Circuit Court of Appeals
has upheld joinder based on a conspiracy charge.  In DeLuca, for
example, the defendant was not named as a coconspirator.  Id.  No
matter, the DeLuca court suggested, because the defendant's
extortion occurred during and in furtherance of the conspiracy.
Id.

Yet distinct conspiracies, as is the case in the cases in
which defendant Rivera is charged, can complicate, and in some
circumstances defeat, the propriety of joinder.  LaFave is again
instructive:

> Joinder where there are multiple conspiracies has
> been particularly troublesome.  Such joinder is improper
> where nothing is shown except for a slight membership
> overlap between the conspiracies; "proof of proximate or
> simultaneous conspiracies with one common conspirator,"
> for example, will not suffice.  But even a single common
> conspirator will suffice where in addition it appears
> that the two conspiracies are a "series of acts or
> transactions," as where they both related to the common
> conspirator's gambling operations.

LaFave, § 17.2(a), at 21–22 (footnotes omitted).

The First Circuit Court of Appeals recently addressed the issue of multiple conspiracies in <u>United States v. Meléndez-González</u>, 892 F.3d 9 (1st Cir. 2018). There, a full-time National Guard recruiter was charged with conspiring with a part-time recruiter to defraud the United States' compensation system. <u>Id.</u> at 12-13. The full-time recruiter was also charged with fraud of the same compensation system in two other cases and sought consolidation of the cases. <u>Id.</u> at 14 n.2. The district court denied the consolidation motion and the full-time recruiter assigned error on appeal. <u>Id.</u>

The <u>Meléndez-González</u> court "summarily reject[ed] [his] claim," finding that the district court did not abuse its discretion in denying the motion. <u>Id.</u> The court noted that "the three cases allege distinct conspiracies involving different co-defendants and overt acts" and that the full-time recruiter "[did] not allege that his co-defendants in any one case acted in concert with his co-defendants in either of the other cases." <u>Id.</u> (internal quotation marks omitted). The <u>Meléndez-González</u> court also noted that joining the cases would pose a risk that "the jury would treat evidence offered against one co-defendant as supporting unrelated charges against other co-defendants." <u>Id.</u>

## IV.  Discussion

The Court has discretion to consolidate cases for trial. Trainor, 477 F.3d at 36 n.22; Cressey, 1998 WL 153152, at *1.

The circumstances of the cases for which Rivera seeks consolidation do not warrant consolidation. These eight cases allege distinct conspiracies, involve different co-defendants, and pertain to different crimes and independent violations. See Docket No. 125 at pp. 2, 4-5; see also Criminal No. 18-598, Docket No. 3; Criminal No. 18-601, Docket No. 3; Criminal No. 18-603, Docket No. 3; Criminal No. 18-604, Docket No. 3; Criminal No. 18-605, Docket No. 3; Crim. No. 18-606, Docket No. 3; Crim. No. 18-607, Docket No. 3; Crim. No. 18-612, Docket No. 3. These circumstances are like those in Meléndez-González, 892 F.3d at 14 n.2.

Relatedly, granting Rivera's request for consolidation would magnify the complexity of the trial in this case. District courts may refuse consolidation where, as here, consolidation would increase the complexity of an already complex case. Doherty, 867 F.2d at 69-70; see also United States v. Davis, 707 F.2d 880, 883 (6th Cir. 1983) (noting that "societal goals of efficient and speedy trials" are a factor in deciding whether to sever charges or permit consolidated trials); cf. King, 355 F.2d at 703 (noting that joinder is based on a presumptive possibility of benefit to the court, the government, and the public).

Additionally, Rivera does not explain why the Court should consolidate these eight cases while leaving Rivera's other three cases unconsolidated. For instance, the charges in Criminal No. 18-608 involve the same statutory provisions as the cases for which Rivera seeks consolidation. <u>Compare</u> Criminal No. 18-608, Docket No. 3, <u>with, e.g.</u>, Criminal No. 18-605, Docket No. 3.

Therefore, Rivera's motion to consolidate, (Docket No. 119,) is **DENIED**.

## V. Conclusion

For the reasons set forth above, Rivera's motion to consolidate, (Docket No. 119,) is **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, February 20, 2020.

s/ Francisco A. Besosa<br>
FRANCISCO A. BESOSA<br>
UNITED STATES DISTRICT JUDGE